McGREGOR W. SCOTT
United States Attorney
VINCENZA RABENN
QUINN HOCHHALTER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00218-MCE |
| Plaintiff, | MOTION TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| EDMUND KEMPRUD, | |
| Defendant. | |

## I.     BACKGROUND

This case was set for a trial confirmation hearing on May 7, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

On its own motion, this Court vacated the May 7 trial confirmation hearing and continued the hearing until June 4, 2020 at 10 am. ECF No. 40. This Court excluded time "pursuant to the analysis and reasoning set forth in General Orders 611 and 617" and "specifically found under 18 U.S.C. 3161(h)(7)(A) that, given the effect of the public health recommendations on the ability of judges, counsel, court staff, the press, or members of the general public to be present in the courtroom in light of the recent outbreak of COVID-19 and the well-documented concerns surrounding this virus, the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Failure to exclude time under these circumstances would result in a miscarriage of justice under 18 U.S.C. 3161(h)(7)(B)(i)." The minute order permitted the parties to file a stipulation regarding exclusion of time.

On March 18, 2020, General Order 612 was issued. Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public. It only allows persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse. The Order further provides, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion. Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.

The State also took action to combat the COVID-19 pandemic. As of March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services. https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.

Before filing this Motion, the government attempted to meet and confer with the defense to try and reach a resolution about filing a stipulation to exclude time under the Speedy Trial Act in response to ECF No. 40. Defense counsel has declined to sign such a stipulation.

## II.     ARGUMENT

Although General Orders 611 and 617 address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.*

at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—the General Order requires specific supplementation and the parties seek to provide that through this Motion. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to those that the United States is currently facing. The Fifth Circuit, for example, recognized that Hurricane Katrina-related continuances served the ends of justice. *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007). The First Circuit was similarly untroubled by a continuance necessitated by "a paralyzing blizzard." *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979). Courts also have allowed ends-of-justice continuances to accommodate personal emergencies experienced by government attorneys, agents, and witnesses. *See, e.g.*, *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case

agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294 (informant hospitalized).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court also has "[b]road discretion" to grant continuances.  *Morris v. Slappy*, 461 U.S. 1, 11 (1983).  "Trial judges necessarily require a great deal of latitude in scheduling trials."  *Id.*  Under the Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."  18 U.S.C. § 3161(h)(7)(A).  The trial may be continued and time excluded if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  *Id.*  The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive.  18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider …").  The Court may identify reasons beyond those listed, provided its findings are expressed on the record orally or in writing.  *Id.*

Here, in addition to the public health concerns cited by General Orders 611 and 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because of the following issues related to the COVID-19 outbreak, which the government has discussed with defense counsel:

    a. The government's expert witness for its case-in-chief has to travel by airplane from Southern California, and his wife is currently undergoing chemotherapy;

    b. Four government witnesses are on the front lines of the COVID-19 outbreak because they serve as health care providers in emergency or family medicine and have actively been treating sick patients;

    c. Five government witnesses are considered to be at high risk for serious illness from COVID-19 due to age or physical infirmity.  18 U.S.C. § 3161(h)(3)(A) (B) [Local Code M] (unavailability of essential witnesses).

Additionally, the defendant is also over 65, and thus, in the high risk category for complications if he contracts COVID-19.

Additionally, counsel or other relevant individuals have been encouraged to telework and

minimize personal contact to the greatest extent possible and everyone in California is now ordered to adhere to strict shelter-in-place protocols. It will be difficult to avoid personal contact should the trial proceed.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

### III.     CONCLUSION

For the foregoing reasons, the United States moves to exclude time between May 7, 2020, and June 4, 2020, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated:  April 29, 2020                                      Respectfully submitted,

                                                            McGREGOR W. SCOTT
                                                            United States Attorney


                                                            /s/ VINCENZA RABENN
                                                            VINCENZA RABENN
                                                            Assistant United States Attorney

**ORDER**

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act. The Court hereby finds that the Motion, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between May 7, 2020 and June 4, 2020.

IT IS SO ORDERED.

Dated: May 5, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE