MCGREGOR W. SCOTT
United States Attorney
VINCENZA RABENN
QUINN HOCHHALTER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00218-MCE |
| Plaintiff, | MOTION TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| EDMUND KEMPRUD, | |
| Defendant. | |

## I.  INTRODUCTION

By its own motion, this Court vacated the trial confirmation hearing date of June 4, 2020, reset it as a status conference on June 11, 2020, and excluded time under 18 U.S.C. 3161(h)(7)(B)(i). ECF No. 43. Counsel for the defense has declined a stipulation to exclude time, therefore the United States seeks an order setting forth case-specific reasons to exclude time between the previously set trial confirmation hearing date of June 4, 2020 and the status conference on June 11, 2020.

## II.  BACKGROUND

This case was originally set for jury trial on March 24, 2020. On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

1  On March 18, 2020, the Court then set a trial confirmation hearing on May 7, 2020, on its own
2  motion (ECF No. 36).  It also excluded time until May 7 pursuant to General Order 611, but informed
3  the parties they could file a stipulation regarding a time exclusion as well.  The United States filed a
4  motion (ECF No. 37) in response to ECF No. 36, providing the Court with additional information
5  relevant to excluding time under the Speedy Trial Act.  The Court granted the United States' motion and
6  made additional findings involving excludable time under the Speedy Trial Act through May 7 (ECF
7  No. 38).

8  On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the
9  courthouses in the Eastern District of California were closed to the public.  The Order only allowed
10 persons with official court business or a healthy building tenant with official business on behalf of a
11 tenant agency into the courthouse.  The Order further provided, among other things, that in criminal
12 cases before district court judges, the assigned district court judge may continue matters after May 1,
13 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to
14 support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined
15 "persons having official court business" and it explained how media may still gain telephonic access to a
16 particular court proceeding on behalf of the public.

17 The State of California also took action to combat the COVID-19 pandemic.  On March 19,
18 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring
19 everyone in the State to stay in their homes except for essential outings, such as to obtain food,
20 prescriptions or healthcare services.  *https://www.fmcsa.dot.gov/emergency/california-governor-*
21 *newsom-shelter-place-executive-order-n33-20;* *https://www.cnn.com/2020/03/19/us/california-*
22 *coronavirus-stay-home-order/index.html*.  The state of California recently announced the gradual
23 movement into Phase Two of responding to the COVID-19 pandemic, which allows certain lower-risk
24 workplaces and other spaces to re-open.  *https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH*
25 *%20Document %20Library/COVID- 19/SHO%20Order%205-7-2020.pdf*.

26 On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the
27 Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges
28 to continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the

courthouses to members of the public without official business before the Court until further order, and also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act, referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that any criminal matters that remain on calendar are to be conducted by telephone or video conference to the full extent possible, while allowing exceptions on a case-by-case basis.

On April 21, on its own motion, this Court vacated the May 7 trial confirmation hearing and continued the hearing until June 4, 2020 at 10 am. ECF No. 40. This Court excluded time "pursuant to the analysis and reasoning set forth in General Orders 611 and 617" and "specifically found under 18 U.S.C. 3161(h)(7)(A) that, given the effect of the public health recommendations on the ability of judges, counsel, court staff, the press, or members of the general public to be present in the courtroom in light of the recent outbreak of COVID-19 and the well-documented concerns surrounding this virus, the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Failure to exclude time under these circumstances would result in a miscarriage of justice under 18 U.S.C. 3161(h)(7)(B)(i)." The minute order permitted the parties to file a stipulation regarding exclusion of time. The United States filed a motion to exclude time (ECF No. 41) which was granted by this Court and excluded time until June 4, 2020 (ECF No. 42).

On May 14, 2020, the Court issued a minute order (ECF No. 43 and amended on No. 44), vacating the Trial Confirmation Hearing set for June 4, and replaced it with a status conference on June 11, 2020. The minute order excluded time but provided: "The parties are encouraged to file a Notice of Exclusion of Time if amenable and applicable."

Before filing this Motion, the parties conferred regarding a potential stipulation to exclude time under the Speedy Trial Act in response to ECF No. 43/44. Defense counsel declined to sign such a stipulation.

### III.     ARGUMENT

Although General Orders 611, 612, 617 and 618 address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a

particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—General Orders 611, 612 and 617 require specific supplementation and the parties seek to provide that through this Motion. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to those that the United States is currently facing. The Fifth Circuit, for example, recognized that Hurricane Katrina-related continuances served the ends of justice. *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007). The First Circuit was similarly untroubled by a continuance necessitated by "a paralyzing blizzard." *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979). Courts also have allowed ends-of-justice continuances to accommodate personal emergencies experienced by government attorneys, agents, and witnesses. *See, e.g.*, *United States v. Stallings*, 701 F.

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

4

App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294 (informant hospitalized). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court also has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* Under the Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The trial may be continued and time excluded if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive. 18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider …"). The Court may identify reasons beyond those listed, provided its findings are expressed on the record orally or in writing. *Id.*

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

    a. The government's expert witness for its case-in-chief has to travel by airplane from Southern California, and his wife is currently undergoing chemotherapy;

    b. Four government witnesses are on the front lines of the COVID-19 outbreak because they serve as health care providers in emergency or family medicine and have actively been treating sick patients;

    c. Five government witnesses are considered to be at high risk for serious illness from

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

COVID-19 due to age or physical infirmity.  18 U.S.C. § 3161(h)(3)(A) (B) [Local Code M] (unavailability of essential witnesses).

    d.    The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act).  Based on the above-stated considerations, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

## IV.    CONCLUSION

For the foregoing reasons, the United States moves the Court to supplement this Court's minute order, and to exclude time between June 4, 2020, and June 11, 2020, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated:  June 1, 2020                                  Respectfully submitted,

                                                          McGREGOR W. SCOTT
                                                          United States Attorney

                                                          /s/ VINCENZA RABENN
                                                          VINCENZA RABENN
                                                          Assistant United States Attorney

**ORDER**

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act.  The Court hereby finds that the Motion, and the government's prior Motions to Continue Trial (ECF Nos. 37 & 41), which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between June 4, 2020 and June 11, 2020.

IT IS SO ORDERED.

Dated:  June 1, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE